FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 27 AM 11: 46

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK VACCARELLA | * | CIVIL ACTION |
| VERSUS | * | NO. 01-2305 |
| CITY OF NEW ORLEANS, RICHARD J. PENNINGTON, Individually And As Superintendent Of Police, RONAL SERPAS, Individually And In His Capacity as Deputy Chief Of Police, DWAYNE JOHNSON, Individually And In His Capacity As Deputy Chief Of Police, MITCHELL DUSSET, Individually And In His Capacity As Deputy Chief Of Police, and MICHAEL DOYLE, Individually And In His Capacity As Director Of The New Orleans Civil Service Commission | * * * * * | SECTION " " SECT. G MAG. 2 |

*   *   *   *   *   *   *   *

## COMPLAINT

The complaint of FRANK VACCARELLA, a person of the full age of majority, with respect avers the following:

I

This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* and as a result of wrongful acts, conduct and omissions of the defendants which are violative of certain rights guaranteed to the complainant under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, including those rights guaranteed by 42 U.S.C. Section 1981, *et seq.* and 42 U.S.C. Section 1983. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1343(4) and 28 U.S.C. Section 1331. The jurisdiction of this Court is invoked to secure protection of and

Fee 150.00
Process____
X Dktd____
CtRmDep____
Doc.No.____

to redress deprivation of rights secured by federal law, providing for injunctive and other relief against racial discrimination in employment. Plaintiff seeks a temporary retraining order, preliminary and permanent injunctive relief, declaratory judgment, and compensatory and punitive damages, costs, and attorney's fees.

II

All conditions precedent to jurisdiction under 42 U.S.C. Section 2000e-5(f)(3) have occurred or been complied with, to-wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within one hundred eighty (180) days of the Commission of the Unfair Employment Practice; a notification of right to sue was received from the Equal Employment Opportunity Commission on May 3, 2001; this Complaint has been filed within ninety (90) days of receipt of a notification of right to sue. A copy of complainant's right to sue letter is attached hereto and made part hereof.

III

Complainant, FRANK VACCARELLA, is a white male citizen of the United States and State of Louisiana, and resides within the Eastern District of Louisiana.

IV

Unlawful employment practices alleged herein and the violation of complainant's civil rights were committed within the State of Louisiana and within the Eastern District of Louisiana.

V

Defendant, CITY OF NEW ORLEANS, is the complainant's employer and is a body politic which has consented to be sued via legislative enactment. The defendant is

an employer within the meaning of 42 U.S.C. Section 2000e(b) of the individual defendants, namely, to-wit: RICHARD J. PENNINGTON, individually and in his capacity as Superintendent of Police of the City of New Orleans (hereinafter sometimes referred to as "PENNINGTON"); RONAL SERPAS, individually and in his capacity as Deputy Chief of Police of the City of New Orleans (hereinafter sometimes referred to as "SERPAS"); DWAYNE JOHNSON, individually and in his capacity as Deputy Chief of Police of the City of New Orleans (hereinafter sometimes referred to as "JOHNSON"); MITCHELL DUSSET, individually and in his capacity as Deputy Chief of Police of the City of New Orleans (hereinafter sometimes referred to as "DUSSET"), were, on information and belief, directly responsible and participated in the acts of racial discrimination and are responsible to complainant for the relief herein sought; and MICHAEL DOYLE, individually and in his capacity as Director of the New Orleans Civil Service Commission (hereinafter sometimes referred to as "DOYLE"), directly participated with the aforenamed defendants in the promotional scheme for the City of New Orleans, Department of Police, also, violated complainant's rights as herein alleged.

VI

Complainant is employed by the defendant, CITY OF NEW ORLEANS, as a police sergeant, since December 1993, and has been continually in the employ of the defendant since July 1982.

VII

Prior to September 29, 2000, the CITY OF NEW ORLEANS and the defendants named herein, had enacted, following approved testing procedures, a Lieutenant Promotional Register, a copy of which is attached hereto as and incorporated herein.

VIII

On September 29, 2000, the CITY OF NEW ORLEANS, through the actions of the individual defendants named herein, made certain promotions from the position of sergeant to the position of lieutenant and in so doing violated both the federal and state rights of the complainant.

IX

Specifically, at the time of the promotions on September 29, 2000, complainant was in Band 3 of the Lieutenant Promotional Register but, when promotions were made from that Register, the defendant selected five (5) Afro American sergeants from Band 4, all of whom were less qualified than complainant, with said promotions being inconsistent with previous Department of Police promotions from banded lists which, by custom, practice and operation of law, required the Department of Police to promote all individuals within higher bands before moving to lower bands.

X

Complainant avers that the defendants failed to promote him to the classification of Police Lieutenant because of his race and that the defendants intentionally promoted less qualified Afro-Americans on the basis of their race.

XI

Complainant avers that the defendants have illegally certified for promotion Afro-American persons who were in fact promoted to the classification of Police Lieutenant on the basis of their race instead of the complainant being so promoted. The defendants are following a policy of promoting their employees on the basis of race or color, with Afro-American employees being promoted on the basis of their race in accord with numerical

quotas, rather than purely upon merit and superior qualifications, all constituting illegal and unconstitutional discriminations against whites in hiring and employment practices. The Afro-American sergeants promoted on September 29, 2000 were less qualified than complainant to perform the duties of Police Lieutenant.

XII

The acts and practices of the defendants described hereinabove, constitute a pattern and practice of resistance to equal employment opportunities within their jurisdiction and under their supervision and control. This pattern and practice is of such a nature and is intended to deny the full exercise of rights secured by Title VII of the Civil Rights Act of 1964.

XIII

The refusal of the defendants to promote the complainant to the position of Police Lieutenant is, further, arbitrary and capricious and constitutes discrimination violating the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Louisiana Constitution of 1974.

XIV

The promotional practices of the defendants, denied to complainant his rights to employment promotion as guaranteed by 42 U.S.C. Section 1981, in that the defendants' employment practices discriminate against him on the basis of his race or color in seeking promotion with the New Orleans Police Department. Said practices further violate complainant's rights pursuant to 42 U.S.C. Section 1983 and pertinent and applicable Louisiana state law.

XV

Invoking the supplemental jurisdiction of this Court, the aforementioned actions of the defendants in promoting black police officers who were lower on the Lieutenant Promotional Register over white police officers who were higher on the Lieutenant Promotional Register, specifically, the complainant, constitutes unlawful racial discrimination in violation, as said, of Article 1, Section 3 of the Louisiana Constitution of 1974. Furthermore, without regard to the race question, the promotion by the defendants of individuals in lower bands on the Lieutenants Promotional Register over individuals, such as complainant, in a higher banded classification, constitutes an unconstitutional, illegal and unwarranted act and that Rule 3 of the Civil Service Rules and Regulations was improperly used in denying complainant a promotion to Police Lieutenant insofar as the use by the defendants of Rule 3 of the Civil Service Rules and Regulations provides the defendants with excessive discretionary power in its promotional system.

XVI

Complainant further avers that all of the actions of the defendants as described above, have been performed under the color of law of the State of Louisiana.

XVII

Complainant still further avers that the conduct of the defendants in failing to promote him on September 29, 2000, constituted an employment retaliation against him, in violation of both federal and state law, as a result of his participation in legal proceedings against the City of New Orleans, under almost identical circumstances, in the proceedings entitled "Police Association of New Orleans, et al v. City of New Orleans, et

al," No. 94-0065 on the docket of the United States District Court for the Eastern District of Louisiana, which proceeding resulted in the complainant being promoted to the rank of sergeant under circumstances where the Court found that the rights of the complainant and others were violated by the City of New Orleans in promoting less qualified black officers from lower bands on the then Sergeant Promotional Register.

XVIII

Complainant avers that he has no plain, adequate or speedy remedy at law as is shown by the facts alleged and that he has suffered and will continue to suffer immediate and irreparable harm and injury should the relief herein requested not be granted. The defendants persisted and continued on a course of action with regard to promotions within the Police Department violative of federal and state rights of the complainant and others similarly situated.

WHEREFORE, complainant respectfully prays as follows:

(A) That a temporary restraining order issue herein, immediately and without bond, restraining and enjoining the defendants from promoting black officers who are lower on the current Lieutenant Promotional Register over white police officers who are higher on said Promotional Register. Complainant further requests that this Court, after due proceeding had, grant preliminary and permanent injunctive relief.

(B) That after due proceedings, declaratory judgment be entered herein, in favor of the complainant and against the defendants, declaring the promotion of black police officers who are lower on the current Lieutenant Promotional Register over white police officers who are higher on said Promotional Register, including complainant, to be unlawful racial discrimination in violation of the Due Process

and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section 1981 and 1983, Title Section of the Civil Rights Act of 1964 as well as in violation of the Article 1, Section 3 of the Louisiana Constitution of 1974.

(C) That after due proceedings, declaratory judgment be entered herein, in favor of the complainant and against the defendants, declaring the defendants use of the Rule 3 to be unconstitutional and illegal.

(D) That this Court award complainant compensatory damages, including promotion, back wages, and all other emoluments of employment, including the right to be placed on the current Captain's Promotional Register, which right was denied to him as a result of the defendants' failure to promote him in September 29, 2000.

(E) That this Court award punitive damages to the complainant as a result of the defendants' intentional racial discrimination and wanton and careless disregard for the career interest of the complainant herein.

(F) That this Court declare complainant to be the prevailing party herein and award complainant all costs of these proceedings, including reasonable attorney's fees pursuant to 42 U.S.C. 1988.

(G) That this Court grant any and all other relief that may be deemed equitable and proper in this cause.

                           Respectfully submitted,

                           GARY M. PENDERGAST
                           Bar Roll No. (10420)
                           1515 Poydras Street, Suite 2260
                           New Orleans, Louisiana 70112
                           Telephone: (504) 523-0454

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK VACCARELLA | * | CIVIL ACTION |
| VERSUS | * | NO. |
| CITY OF NEW ORLEANS, RICHARD J. PENNINGTON, Individually And As Superintendent Of Police, RONAL SERPAS, Individually And In His Capacity as Deputy Chief Of Police, DWAYNE JOHNSON, Individually And In His Capacity As Deputy Chief Of Police, MITCHELL DUSSET, Individually And In His Capacity As Deputy Chief Of Police, and MICHAEL DOYLE, Individually And In His Capacity As Director Of The New Orleans Civil Service Commission | * * * * * | SECTION " " |

\*    \*    \*    \*    \*    \*    \*    \*

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

FRANK VACCARELLA

a person of the full age of majority and a resident of and domiciled in the Eastern District of Louisiana who, after being duly sworn, did depose and state:

    (1)    That he is the named complainant in the instant lawsuit entitled "Frank Vaccarella v. City of New Orleans, et al;"

(2) That he has read the allegations of fact contained in the Complaint and that said facts and representations are true and correct to the best of his knowledge and belief;

(3) That he believes that irreparable harm and injury will occur to him in the form of disciplinary action, job termination and/or continued denial of promotion should the City of New Orleans continue its current promotional practices, including the use of Rule 3;

(4) That he believes that irreparable harm and injury will occur and continue to occur should the defendants herein not be enjoined from utilizing unlawful and racially discriminatory promotional procedures whereby black police officers who are lower on the current Lieutenant Promotional Register are promoted over white officers, including complainant, who are higher on the Promotional Register.

_____
FRANK VACCARELLA

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 16th DAY
OF ___JULY___, 2001.

_____
NOTARY PUBLIC

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE

*(Issued on request.)*

| To: Frank Vaccarella<br>105 BLUEGILL DR.<br>SLIDELL, LA 70461<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*( 29 C.F.R. 1601.7(a) )* | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Memphis District Office<br>1407 Union Ave. Suite 621<br>Memphis, TN 38104 |
|---|---|

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 270A10024 | Clearthur Morris | (901) 544-0161 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.
[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.
[X] The EEOC is terminating its processing of this charge.
[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your **receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.
[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

*Doris B. Woods/ClM*
Doris B. Woods, Acting Director

MAY 0 0 2001
*(Date)*

Enclosure(s)

cc: NEW ORLEANS POLICE DEPARTMENT
    715 SO. BROAD ST.
    NEW ORLEANS, LA 70113

EEOC FORM 161-B (Rev 01/97)                                **CHARGING PARTY COPY**